LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00479-BRO (JPRx)** | Date | April 21, 2016 |
|---|---|---|---|
| Title | **ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL** | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS)

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND [11]**

## I.   INTRODUCTION

Pending before the Court is Plaintiff Anita Ragano's ("Plaintiff") Motion to Remand for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).  (Dkt. No. 11.)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves an action for civil penalties and reasonable attorney's fees pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code section 2698 *et seq.*  (Dkt. No. 1 (hereinafter, "Notice of Removal") ¶ 2.)  Urban Lending Solutions LLC, erroneously sued as Urban Fulfillment Services LLC ("Defendant"), operated call centers, including a call center in Westlake Village, California.  (Dkt. No. 11-2 at 10–12 (hereinafter, "Ragano Decl.") ¶ 2.)  Defendant employed Plaintiff at its Westlake Village call center from April 20, 2014, until approximately October 2, 2015.  (Ragano Decl. ¶ 2.)  Plaintiff brings this representative action under PAGA on behalf of "[a]ll persons who are and/or were employed as hourly non-exempt call center employees by Defendant in its Urban Lending Solutions location in California any time on or after December 21, 2011."  (Dkt. No. 1-4 at 9 (hereinafter, "Compl.") ¶ 20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00479-BRO (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL | | |

Plaintiff alleges that Defendant is liable for civil penalties as a result of its: (1) failure to provide meal and/or rest periods in violation of California Labor Code sections 226.7 and 512; (2) failure to pay wages due in violation of California Labor Code sections 203, 204, 510, and 1198; (3) failure to provide accurate itemized wage statements in violation of California Labor Code sections 226 and 1174; (4) unfair business practices in violation of California's Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*; and, (5) violation of PAGA under California Labor Code sections 2698 *et seq.* (Compl. ¶¶ 31–67.)

Defendant removed this matter on December 22, 2015, claiming that this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different states and the amount in controversy exceeds $75,000. (Notice of Removal ¶¶ 7–30; *see also* Dkt. No. 8 (Notice of Errata correcting paragraph 10 of Notice of Removal).) Plaintiff filed the instant Motion to Remand on March 24, 2016. (Dkt. No. 11 (hereinafter, "Mot.").) Defendant timely opposed Plaintiff's motion on April 4, 2016, (Dkt. No. 13 (hereinafter, "Opp'n")), and Plaintiff timely replied on April 11, 2016, (Dkt. No. 16 (hereinafter, "Reply")).

## III.    LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally filed the action in federal court. In other words, removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." 28 U.S.C. § 1332(a). The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Because it is a jurisdictional requirement, the parties cannot waive the $75,000 amount in controversy. *See* 28 U.S.C. § 1332(a). The amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00479-BRO (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL | | |

in controversy is an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

A court must remand a case if, at any time before final judgment, "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). To determine whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). When determining diversity jurisdiction pursuant to a removal, there is a "strong presumption" that the plaintiff has not claimed an amount large enough to establish federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *accord Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Gaus*, 980 F.2d at 566. "[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc.*, 599 F.3d at 1106–07.

"Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added); *accord Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Defendant "always has the burden of establishing that removal is proper," and "[i]f it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d 566–67.

## IV. DISCUSSION

Plaintiff argues that this Court lacks jurisdiction for two reasons: the parties lack complete diversity, and Defendant does not meet its burden of demonstrating that the amount in controversy exceeds $75,000. (*See generally* Mot.) When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00479-BRO (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL | | |

face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence. *Id.* This requires the defendant to offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Plaintiff's Complaint does not seek a specific amount of damages. (*See generally* Compl.) In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).[1]

To determine the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)). Both parties agree that the potential damages in this case fall short of the $75,000 threshold.[2] They disagree, however, as to whether the amount of attorney's fees pushes Plaintiff's total potential recovery over $75,000. (*Compare* Mot. at 8 ("Defendant unreasonably and mistakenly alleges that the total amount of attorneys' fees would far exceed the sum of $75,000 through trial. This claim was made entirely without support or evidence."), *with* Opp'n at 8 ("[I]t is reasonable that attorneys' fees alone will exceed $75,000.00.").)

Unless Defendant overcomes the "strong presumption" against removal and can meet its burden by establishing the Court's original jurisdiction by a preponderance of the evidence, the Court must remand this action. *Geographic Expeditions, Inc.*, 599 F.3d at

---

[1] The Court notes that both parties incorrectly describe the burden here. First, Plaintiff's claim that Defendant must "prove with a legal certainty that more than $75,000.00 is in controversy" is inaccurate. (Mot. at 6.) Plaintiff's proffered standard of proof would be correct if Plaintiff's Complaint claimed, on its face, less than $75,000. That is not the case here. Moreover, Defendant improperly suggests that the burden is on Plaintiff to provide "evidentiary support." (Opp'n at 1.) Where Defendant seeks to remove a state court case to federal court, however, the burden is Defendant's alone.

[2] The parties do not agree on the calculation of these damages, however. Defendant claims that the damages equal approximately $36,352.48, (Opp'n at 8 n.5), while Plaintiff argues that it totals $24,052.48, (Reply at 4). The Court notes that Defendant's Opposition includes "revised calculations" from those previously stated in its Notice of Removal. (Opp'n at 6 n.3.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00479-BRO (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL | | |

1106–07.  Defendant argues that based upon the extensive litigation experience of Defendant's lead attorney, the attorney's fees alone are estimated to exceed $75,000 over the course of litigation.  (Notice of Removal ¶ 28.)  PAGA contains a provision providing for "an award of reasonable attorney's fees and costs," Cal. Lab. Code § 2699(g)(1), and Plaintiff indicates in her Complaint that she is seeking compensation for attorney's fees.  (*See* Compl., Relief Sought ¶ 14.)  The Court must accordingly consider attorney's fees as an element of the amount in controversy in this case.

While Defendant bases the amount of attorney's fees on Defendant's lead counsel's familiarity with fees requested by Plaintiff's attorney in similar actions, (Notice of Removal ¶ 28), it fails to demonstrate adequately that attorney's fees in this case would more likely than not exceed $75,000.  Defendant's lead counsel states in conclusory fashion:

> Based on my 35 years of experience handling employment litigation, including wage and hour class actions and PAGA claims, I am familiar with the amount of fees requested by plaintiffs' counsel in similar actions filed in California State and federal courts alleging violations of the California Labor Code and related claims.  Based on [Plaintiff's counsel's] experience and Plaintiff's allegations, I believe it is reasonable to expect that Plaintiff's attorney's fees will exceed the sum of $75,000 through trial.

(Dkt. No. 1-3 ¶ 6.)  However, "[t]his bald statement, unsupported by any evidence, does not suffice to create subject matter jurisdiction." *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).  Defendant also attaches a copy of plaintiff's counsel's biography from his firm's website.  (Dkt. No. 1-3 ¶ 6, Ex. D; *see* Dkt. No. 1-7.)  But Defendant's "evidence" is insufficient to show that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Defendant relies on the fact that district courts in the Ninth Circuit have stated that "[t]he amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *J & J Pumps, Inc. v. Star Ins. Co.*, No. 2:11-599 WBS CMK, 2011 U.S. Dist. LEXIS 45885, at *6–7 (E.D. Cal. Apr. 28, 2011) (quoting *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)).  In addition to the attorney's experience, however, courts in this Circuit have required counsel to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00479-BRO (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL | | |

demonstrate why their estimation is reasonable.  For example, a party calculating attorney's fees can estimate the hourly rate of opposing counsel and approximate number of hours completed and to be completed by counsel in that type of case.  *Surber*, 110 F. Supp. 2d at 1232 (remanding case where defendant failed to meet its burden of establishing the amount in controversy in part because "[d]efendant [did] not estimate[] the amount of time that the case [would] require, nor ha[d] it revealed plaintiff's counsel's hourly billing rate"); *cf. Brady*, 243 F. Supp. 2d at 1011 (explaining that defendant "submitted a declaration detailing fee awards in similar lemon law cases" and provided a declaration regarding the hourly rate and approximate fees billed in the case thus far); *J & J Pumps, Inc.*, 2011 U.S. Dist. LEXIS 45885, at *8 (providing plaintiff's counsel's hourly rate and estimating the number of hours that plaintiff's counsel has spent and will spend throughout the case).   Neither Defendant's declaration nor the biography attached indicate the estimated billable hours, the approximate amount of work to be completed, plaintiff's counsel's hourly billing rate, or indicate the amount of fee awards granted by courts in similar cases.

The Court doubts that the amount of attorney's fees will exceed $75,000, or even $38,647.52[3], particularly where Defendant fails to provide any evidence—beyond Defendant's counsel's own "belie[f] [that] it is reasonable to expect"—that attorney's fees in this case would reach $75,000.  (Dkt. No. 1-3 ¶ 6.)  Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount," *Gaus*, 980 F.2d at 566–67, the Court finds that Defendant fails to establish federal subject matter jurisdiction over this matter.[4]

---

[3] This amount assumes Defendant's calculations regarding Plaintiff's damages are correct, ($75,000 - $36,352.48).  On the other hand, assuming Plaintiff's calculations, Defendant would need to prove, by a preponderance of the evidence, that the amount of attorney's fees would exceed $50,947.52, ($75,000 - $24,052.48).

[4] As mentioned, the parties dispute whether diversity of citizenship exists in this case.  (*See* Mot. at 4–6; Opp'n at 2–5; Reply at 1–3.)  Because Defendant fails to meet the amount in controversy requirement, however, the Court lacks subject matter jurisdiction.  As such, the Court need not resolve the further disagreement regarding diversity of citizenship.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00479-BRO (JPRx)** | Date | April 21, 2016 |
|---|---|---|---|
| Title | **ANITA RAGANO V. URBAN FULFILLMENT SERVICES LLC ET AL** | | |

## V.   CONCLUSION

For the foregoing reasons, Defendant fails to meet its burden to prove by a preponderance of the evidence that Plaintiff's allegations demonstrate an amount in controversy necessary to establish federal diversity jurisdiction.  The Court **GRANTS** Plaintiff's Motion to Remand, and accordingly **REMANDS** this case to the Superior Court of California, County of Los Angeles. The hearing set for Monday, April 25, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | Rf |